1 F.3d 1245
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Arturo VACA, Defendant-Appellant.
 No. 92-3280.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 20, 1993.*
Decided Aug. 2, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Arturo Vaca pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. Secs. 841(a) and 846, and was sentenced to 78 months imprisonment. Vaca raises one challenge to his sentence. We affirm.
 
 
 2
 Vaca contends that he was entitled to a two-level reduction in his base offense level under Sec. 3B1.2(b) of the Sentencing Guidelines for being a "minor participant" in the cocaine conspiracy. Vaca reasons that he was "nothing more than a delivery boy," and that all he did was bring the cocaine to his co-defendant on one occasion.
 
 
 3
 Under Sec. 3B1.2(b), a two-level reduction can be granted for minor participation. " 'A minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal.' " United States v. Tolson, 988 F.2d 1494, 1505 (7th Cir.1993) (quoting U.S.S.G. Sec. 3B1.2(b), Application Note 3). The defendant's status as a courier in a narcotics conspiracy does not entitle him to a two-level reduction. See United States v. Osborne, 931 F.2d 1139, 1157-59 (7th Cir.1991). "Section 3B1.2 turns upon culpability, not courier status." Id. at 1158 (quoting United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir.1989), cert. denied, 495 U.S. 923 (1990)). In this case, the district judge declined to grant a reduction, stating:
 
 
 4
 The truth is from my view of this case we had something more than a mule in the traditional sense of the word. First of all, we were dealing with an individual who traveled alone with a very large and very valuable cargo of cocaine, and one could read the government's version of facts, which I think is not significantly different from the defendant's version of the facts, and conclude that this defendant played exactly the kind of role in an offense that deserves neither increase nor decrease for his role.
 
 
 5
 It's impossible--accepting defendant's version of the events that he gave after his arrest, it's impossible to conclude that defendant like some mules, particularly those who carry across international borders, that he was simply carrying a package, the contents of which he might have been somewhat suspicious of, but which were not revealed to him, and whose function in the case of those mules is merely to transport narcotics from a country in which it is manufactured to a country in which it is distributed. Usually transportation occurs from a member of one organization to a member of that same organization located in the United States or at least allied organizations.
 
 
 6
 In this case it seems reasonably clear to me that the defendant knew directly that he was participating in a sale, that he was carrying for a sale, that he was entrusted alone with a very large delivery of cocaine, and I don't think in this case his role was of the kind that requires diminution of the offense level.
 
 
 7
 It is almost two kilograms of cocaine, and the defendant served as a facilitator of the offense at both ends.... I think in these circumstances he's been properly evaluated as essentially a middleman of some significance, and I do not think that's a minor role in the offense for which reduction in the offense level is required.
 
 
 8
 Tr. 10-12.
 
 
 9
 We review the district judge's decision for clear error. United States v. Berna, No. 92-4053, slip op. at 3 (7th Cir. June 7, 1993); Tolson, 988 F.2d at 1503. As the district judge found, Vaca was no "minor participant." Rather, he was "a middleman of some significance." Vaca was entrusted to make the cocaine delivery alone; the amount of cocaine that he delivered was very large and valuable; and he knew he was participating in a cocaine conspiracy and willingly facilitated it at both the supply and distribution ends. The district judge also considered Vaca's vague description to the authorities concerning the source of his cocaine as further evidence of his integral role in the conspiracy. Under these circumstances, the district judge did not commit clear error in refusing to grant Vaca a two-level reduction for being a "minor participant" in the conspiracy. Vaca's sentence is accordingly
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record